A. SHEPARD *vs.* HENRY WARD and JOSEPH WARD.

Where, in a suit on contract against two defendants, one of them dies after the commencement of the suit, the son of the party dying is not a competent witness, although the death be not suggested on the record.

Where a written contract is entered into by an individual for the doing of a job of work, in a suit by him to recover for the work done, it is competent to the defendant to shew that the plaintiff had a *partner* in the job, and to prove payment to the partner in full.

THIS was an action of assumpsit for work done under a special contract, tried at the Oswego circuit in June, 1830, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

It was proved that *Henry Ward*, one of the defendants, had died since the commencement of the suit. Lindsley Ward, a son of Henry Ward, was sworn and examined as a witness on the part of the surviving defendant, although objected to by the plaintiff as incompetent on the ground of interest. The judge overruled the objection, deciding that as the death of Henry Ward was not suggested on the record, he should consider him as alive ; and if so, the witness was competent. Another *question of law* arose on the trial : the plaintiff claimed for work done under a special *written* contract, signed by him *individually* and by the defendants ; the defendant offered in evidence a *receipt in full* for the work done, given by Elisha H. Shepard, a son of the plaintiff, to which the names of A. & E. H. Shepard were subscribed, and on proving that the plaintiff and his son Elisha were partners in the job, the judge received the testimony, although objected to by the plaintiff. The plaintiff submitted to a nonsuit, with leave to apply to set it aside.

*Greene C. Bronson*, (attorney general,) for the plaintiff.

*J. Edwards*, for the defendant.

THE COURT decided, the *Chief Justice* delivering the opinion, that *Lindsley Ward* was not a competent witness. On the death of his father, he became a party in interest, and interested in defeating a recovery ; and although the death of his father was not suggested on the record, the fact being proved, the incompetency of the witness was established. The court were also of opinion that the partnership between the plaintiff and his son being shewn, the receipt of the son was admissible in evidence, had it been proved by competent testimony ; but not having been so proved, it should not have been received. For these causes the nonsuit was set aside, and a new trial granted.