## Case No. 6,656.

### HOMAS v. McCONNELL et al.

[3 McLean, 381.] [1]

Circuit Court, D. Illinois. June Term, 1844.

#### PROMISSORY NOTE—SET-OFF—PLEA.

1. Property received collaterally, and not in payment of a note, cannot be set up, in an action on the note, by way of set-off.

2. Unliquidated damages cannot be pleaded as a set-off.

[Cited in Crenshaw v. Jackson, 6 Ga. 509.]

3. Where a plea alleges that the payee of a note received another note and mortgage, to be applied to the note, it is to be construed that the proceeds of the note and mortgage are to be applied when received.

4. To make such a plea good, it is necessary to aver the receipt of proceeds, etc.

[This was an action at law by Homas against McConnell & Vansyckel.]

Hardin & Smith, for plaintiff.
Mr. M'Dougal, for defendants.

OPINION OF THE COURT. This suit is brought on a promissory note to Stittinius & January, for eleven hundred and fifty-four dollars and twenty-six cents, dated at St. Louis, 18th July, 1842, and payable 26th of October, ensuing; which note, the plaintiff alleges, was assigned to him on the day of its date. (1) The defendants pleaded the general issue. (2) That when plaintiff bought said note of said Stittinius & January, he also received a note and mortgage upon personal property against Uriah Rapler, of the city of St. Louis, for over one thousand eight hundred and fifty dollars, the property of said defendants; that under and by virtue of said mortgage and note against Rapler, the said plaintiff has received all the property mentioned in said mortgage, and the said property so received was worth three thousand dollars, and the de-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

fendants offer to set off said sum of money, the value of said property as aforesaid, against the damages claimed. (3) The defendants also pleaded, "that after the making of said note to the said Stittinius & January, he, said defendant, delivered to them a large amount of land of the value of one thousand dollars, which, by agreement, was to be credited on said note; and defendant then also delivered and sold to said Stittinius & January, a note against one Rapler, of St. Louis, for over eighteen hundred and fifty dollars, which note was secured by a mortgage given by said Rapler, for and upon property of over the sum of three thousand dollars in value, which note and mortgage were agreed to be taken and applied upon said note sued on; all of which was known to the plaintiff at the time he took and accepted said note. And defendant avers, that said Stittinius & January did not credit said note as agreed as aforesaid, nor has the plaintiff given credit since the assignment; and, therefore, the said defendant now here offers to set off said sums of money upon and against the damages declared for, and sought to be recovered herein." The plaintiff demurred to the second and third pleas. The second plea does not state that the property was received in payment. If received collaterally, it is not a proper subject of off-set. The demand set up as an off-set is unliquidated, and that is an insuperable objection to the plea. The same objection applies to the third plea. It avers that the payees of the note agreed to apply the note and mortgage specified, upon the note sued on, "all of which was known to the plaintiff, at the time he took and accepted said note." But the plea does not show that one dollar has been received on the mortgage, to be applied within the language of the plea. So that if the note before us had not been assigned, the plea would not have been good against the payees. The mortgage and note were not received in payment. The allegation that the land was to be credited on the note, shows rather that the proceeds were to be credited. The plea does not show that the land was received in payment of the note. The demurrer is sustained to both pleas.