THE KASKASKIA BRIDGE COMPANY, plaintiffs in error, *v.* JOSEPH P. SHANNON *et al.*, defendants in error.

### *Error to Randolph.*

A bill of exchange, drawn by one resident of this State upon another resident, is an inland bill of exchange.

In the case of inland bills of exchange, the notarial protest is not evidence of a demand of payment on the drawee, nor of notice of nonpayment to the drawer.

The drawer and the drawee may be the same person in a bill of exchange; but, in such case, though a demand on the drawee is necessary, notice of nonpayment to the drawer is unnecessary.

Parol evidence of an agency is admissible, though such agency exists by virtue of a power in writing, when the party offering to prove the fact is a stranger to the instrument. So, a stranger may prove a partnership by the acts and admissions of the partners, although written articles of partnership may exist between them.

When it has been proved that a person is a partner, though a dormant one, it is competent to give his admissions in evidence against his partners, if they relate to the partnership business.

A claim for unliquidated damages, arising *ex contractu*, constitutes a good claim of sett-off under the statute.

ASSUMPSIT in the Randolph Circuit Court. The case was heard before the Hon. James Semple and a jury, at the April term 1843, when a verdict and judgment was rendered in favor of the plaintiffs below for the sum of $1540·11, to reverse which the defendants prosecuted their writ of error in this Court  The material facts appear in the opinion of the Court.

*D. J. Baker*, for the plaintiffs in error, made the following points:

1. A notarial protest is not evidence of a demand of payment of a domestic bill of exchange upon the drawee, nor of the giving of notice of its nonpayment to the drawer thereof. *Union Bank* v. *Hyde*, 6 Wheat. 572; *Young v. Bryan*, Ib. 146; *Nicholas* v. *Webb*, 8 Wheat. 326.

A protest of an inland bill of exchange is not evidence, or necessary. Bayley on Bills, 516; Chitty on Bills, 642, 643, and note (1); *Miller* v. *Hackley*, 5 Johns. 375; *Payne* v. *Winn*, 2 Bay, 374.

In England, protest of even a foreign bill cannot be proved by mere production, but the notary himself must be called to prove it. Chitty on Bills, 500, 501.

At common law, no inland bill could be protested; but by 9 and 10 W. III., chap. 17, bills of £5, or upwards, may be protested, though unnecessary. Ib. 500.

In *Buckner* v. *Finley*, 2 Peters, 586, it is settled that bills of exchange, drawn by a citizen of one State on a citizen of another, are foreign bills within the meaning of the exception of the Act of Congress of Sept 24, 1789, and it consequently follows, that the notarial protest of such a bill is evidence of what it contains. Legal notice is given to the party in person only by leaving written notice at his residence, and this must be proved by him who asserts it. 1 Peters' Dig. 351.

In every case where there is a drawer, the demand of payment and notice is an implied condition of the contract or indorsement. *Barry* v. *Robinson*, 9 Johns. 121.

The law in respect to inland bills of exchange applies to checks upon a bank. *Sutcliffe* v. *M'Dowell*, 2 Nott & M'Cord, 251.

As to the conduct of the holder upon the dishonor of the bill, see Chitty on Bills, 489.

2. Though a written power of attorney constituting an agency, not required by law to be in writing, may exist, parol evidence of such agency is admissible, especially by a person not a party to the written power. The written power is not the only admissible evidence of such agency. Proof of subsequent recognition by the person in whose name the acts have been done, is conclusive proof of the agency of him who has done them.

In a variety of cases, where the opposite party has admitted the facts sought to be established, or by his conduct precluded himself from denying them, primary evidence is dispensed with. 2 Phil. Ev. 540.

The acknowledgment by a party that a person, to whom defendant had paid money, was his agent, is sufficient to establish the existence of such agency, though the appoint-

ment was in writing, and no notice had been given to produce it. 2 Phil. Ev. 556, 557, referring to *Curtis* v. *Ingham,* 2 Verm. 287, 288.

So the declarations of several persons of their being in partnership, are admissible to prove they are so, in an action against them, though it appears there are written articles of partnership. 2 Phil. Ev. 557, referring to *Widdfield* v. *Widdfield,* 2 Binn. 245.

Although the admissions are by the acts of the party, they are no less effectual in dispensing with evidence which would otherwise be necessary, than his express declarations. 2 Phil. Ev. 557.

When a specific appointment of agent is necessary, a subsequent recognition of acts done by him in that capacity is better than a previous authority. 1 Harrison's Dig. 27. Subsequent ratification of a contract, Ib.; 4 Bing. 722. Recognition is sufficient, though a written power exists. 2 Phil. Ev. 35, 36, and references. Adoption of agency in one part is an adoption in all. Principal and Agent, 238; *Wilson* v. *Poulter,* 2 Strange, 859. Subsequent ratification is equal to original mandate.

If principal, by his declarations, has authorized the opinion that he had given more authority than he had, he is bound. *Schimmelpennich* v. *Bayard,* 1 Peters, 264.

3. After giving evidence of partnership, the declaration of one partner is evidence against the other partners, though the former is no party to the suit. 1 Starkie's Ev. 81; *Wood* v. *Braddick,* 1 Taunton, 104, referring to Roscoe's Ev. 31.

Where a written contract is entered into by one individual for the doing of a job of work, in a suit by him to recover for the work done, it is competent for the defendant to show that the plaintiff had a partner in the job, and to prove payment to the partner in full. *Shepherd* v. *Ward,* 8 Wend. 542.

In an action by a firm, the name of a dormant partner need not, and ought not to be used. *Clark* v. *Miller,* 4 Wend. 628.

4. Unliquidated damages, arising *ex contractu,* may be

set off in an action of *assumpsit. Edwards* v. *Todd.* 1 Scam. 462; *Nichols* v. *Ruckels*, 3 do. 298.

5.   The written power of attorney spoken of in this case has never been seen only in the hands of Richard H. Norris, who is proved to have been a partner of the plaintiffs below in this contract, and could not, therefore, if objected to, be a witness if produced.

6.   Admissions, as those of the plaintiffs below, which have been *acted upon*, or those which have been made to influence the conduct of others, or derive some advantage to the party, and which cannot afterwards be denied without a breach of good faith, are conclusive upon the party making them, or operate as an estoppel *in pais* upon him.    1. Greenl. Ev. §§ 27, 207, 208, 194-7.

Rules as to written instruments apply mainly, perhaps, only in suits between parties to the instrument; it cannot affect *third persons;* the truth may be proved, however contradictory to the written instrument.   Ib. §§ 275, 279.

Declarations of a party to the record, or of one identified in interest with him, as against said party, are admissible in evidence.   Ib. §§ 171, 172.

As to admissions, the rule, however, does not go to the utter exclusion of past admissions of this nature, but only to this effect; for, in general, as was observed by Mr. Justice Parke, "What a party says is evidence against himself, whether it relate to the contents of a written instrument or something else."   Ib.   §§ 203, 204.

It makes no difference in the operation of this rule, whether the thing admitted were *true* or *false*, it being the fact that has been acted upon, that renders it conclusive.   Ib. § 208.

*J. Gillespie*, for the defendants in error.

The Opinion of the Court was delivered by

SHIELDS, J.   This was an action of *assumpsit*, brought by the defendants in error against the plaintiffs in error as the drawers of four several drafts or orders on the treasurer of the Company, payable to the defendants, two of which were dated

July 1, 1841, each for the sum of $150. One was dated Sept. 2, 1841, for $908·49, and the other was dated Oct. 1, 1841, for $190·55. The declaration was in the usual form in such cases.

The defendants in the Court below pleaded,

1. Non Assumpsit.

2. That the said drafts, or bills of exchange, were given without any good or valuable consideration.

3. That the consideration wholly failed.

4. That the said drafts, or orders specified, were obtained by the false and fraudulent representations of the plaintiffs.

With the foregoing pleas the defendants filed as a defence the following notice, to wit:

"Take notice, that on the trial of this cause the said defendants, the Kaskaskia Bridge Company, will give in evidence and insist, that before and at the time of the commencement of this suit, that the bridge theretofore erected by the said plaintiffs for the defendants across the Kaskaskia river, opposite to the town of Kaskaskia, and for the building and erecting of which by the said plaintiffs for the said defendants, the said several drafts or orders sued on in this case, and in the said plaintiffs' declaration mentioned, were made and executed, was so unskilfully and in so unworkmanlike a manner and defectively done, performed and erected, that the same became and was wholly useless and valueless to the said defendants, and that through the negligence, unskilfulness, carelessness and improper conduct of the plaintiffs, in the building and erecting by them of the said bridge, which they the said plaintiffs had theretofore undertaken and contracted to build and erect in a good, substantial, skilful and workmanlike manner for the said defendants, the said bridge became and was lost, and of no use or value to the said defendants; whereby and by reason of the negligence, unskilfulness, carelessness and improper conduct of the said plaintiffs in and about the building and erecting of the said bridge, the said defendants have sustained a large amount of damages, to wit, ten thousand dollars, which damages, or so much thereof as will be sufficient for that purpose, the said defendants will set off against any

demand of the said plaintiffs to be proved on the trial of this cause, according to the statute in such case made and provided.

David J. Baker, Att'y
for the said Kaskaskia Bridge Company,
the defendants above named.

August 19, 1842.

To Messrs. Shannon & Schofield,
the plffs above named."

The foregoing pleas were traversed by the plaintiffs, and issues joined thereupon to the country. A jury tried the issues, and found a verdict in favor of the plaintiffs for the sum of $1540·11, for which sum and costs taxed, judgment was rendered in favor of the plaintiffs; to reverse which, the defendants sued out their writ of error.

The record shows, that on the trial the plaintiffs offered to read in evidence a bill of exchange or draft in these words, to wit:

"To the Treasurer of the Kaskaskia Bridge Company:

Please pay to Messrs. Shannon & Schofield, or order, nine hundred and eight dollars and forty nine cents, (it being the amount of estimate made this day,) and charge the same to the Kaskaskia Bridge Company. Kaskaskia, Sept. 2, 1841.

M. A. Gilbert,

$908·49                    James M. Wheeler,
Commissioners,"

and a notarial protest attached thereto; to the reading of which protest as evidence of a demand on the drawee of the bill, the defendants objected; but the Court overruled the objection and suffered the same to be read, and it was the only evidence adduced to prove the demand of payment on said bill, or the giving of notice to the drawers of the non-payment thereof. The plaintiffs, having proved a demand of the payment of the bills, other than the one above copied, on Samuel Jones, the treasurer of said Company, rested their case.

It was proved by Benjamin Simmons, a witness sworn on said trial on behalf of the said defendants, that the plaintiffs were non-residents of the State, and that neither of them had

ever been at Kaskaskia, except a few times during the progress of the work on the bridge mentioned in the pleadings in this case, and for the erection of which they were the contractors with said Company, the defendants; that the business of superintending the work done on said bridge had, from the commencement of the work, been attended to by one Richard H. Norris, who had made most of the settlements, and adjusted the amounts, and received the payments from time to time as the work progressed in behalf of said plaintiffs, with the Bridge Company, except during some of the latter part of the time when one James M. Wheeler had sometimes made such settlements, received payments, and had otherwise acted on behalf of said plaintiffs; said witness further stated that plaintiffs had told him that said Norris was their agent for attending to the building of said bridge, and for doing whatever related to it, and that he had ever acted as such agent in the transaction of all business pertaining thereto during the progress of the work on said bridge, and stated, moreover, that he had seen in the hands of said Richard H. Norris, a written power of attorney from said plaintiffs authorizing him, Norris, to act for them in said business. Whereupon the plaintiffs, by their counsel, objected to such declarations of the said plaintiffs, or either of them, being received to prove such agency as aforesaid of said Norris, and to any proofs going to the jury of such agency other than the written power of attorney, spoken of by said witness, Simmons, as having been seen by him in said Norris' possession, where it was supposed still to be, unless said power of attorney was shown to be lost or in the hands of said plaintiffs, and that they had been notified to produce it on the trial; which objection the Court sustained, and utterly refused to hear parol testimony to prove the existence of such agency, and excluded from going to the jury any parol proof thereof.

The defendants also proved from the acknowledgments of said plaintiffs, one or both of them, that said Norris was interested as a partner in the contract for the erection of the bridge by the said plaintiffs, although not named or known in their contract with the said Company, and then offered to

prove the statement of the said Norris as to the quality and character of the work done on said bridge, as well as other statements in relation thereto. This testimony, so offered, being objected to by the plaintiffs, the Court refused to receive.

It was also shown in evidence, that said James M. Wheeler was interested in the contract for the building of said bridge as a partner of the plaintiffs, as well as a stockholder in said Bridge Company, though not known in said plaintiffs' contract made with said Company; and that he had at some time, as well as said Norris, acted for the said plaintiffs in making some of the settlements when balances were ascertained to be due from said defendants to said plaintiffs, and particularly in ascertaining some of the balances for which some of the bills or orders sued on in this case were drawn. Upon this proof being made, the defendants offered witnesses to prove the statements of said Wheeler in relation to the subject matter of his agency or partnership, that is, the building of said bridge, the quality of the work, &c. This was also objected to, and the objection was sustained by the Court.

The defendants also offered to prove by witnesses sworn on their behalf the truth of the statements contained in the notice filed as a defence in this case, and copied into the record or transcript thereof, certified by the clerk of the Randolph Circuit Court, herein before set out; which evidence the Court refused to hear, or permit to go to the jury, and rejected the said notice as not setting forth matter and facts sufficient to bar a recovery by the said plaintiffs in this case. To all which several opinions of the Court, the defendants duly excepted on the trial, and their bill of exceptions was duly signed and sealed by the presiding Judge, James Semple.

It is further agreed and admitted, that the drafts or orders sued on in this case were drawn by the defendants on their treasurer, and that it was testified that the said defendants had appointed agents to examine, measure and estimate the amount of the work done upon said bridge from time to time as it progressed; that said agents were authorized, upon such examination, measurement and estimation, to draw upon the

treasurer thereof for the amount of work so done, and that the said drafts or orders sued on were drawn for work done after such examination, measurement and estimation thereof by the said agents.   An order on the books of said company was shown, appointing said agents to act as aforesaid.  This is the whole case, as shown by the record now before this Court.

Upon this, the plaintiffs in error assign the following errors, to wit:

1.   The protest of the public notary is no evidence of a demand of payment on the drawee of the bill or draft above copied, or of notice of its dishonor to the drawers, and the Court erred in receiving it as sufficient proof of demand and notice.

2.   The testimony of Benjamin Simmons introduced to prove the agency of Richard H. Norris for plaintiffs, as well as other things, was improperly excluded from the jury, and parol evidence might legally be heard in this case to prove such agency, notwithstanding a written power of attorney had at some time been seen by the witness in the hands of Norris.

3.   The Court should have received in evidence the statements and admissions of Richard H. Norris as to the quality and character of the work done on the bridge, &c., after evidence had been adduced, proving him to be a partner of the plaintiffs in interest in the contract for building the bridge.

4.   The Court erred in its refusal to receive proof of the admissions and statements of James M. Wheeler, after it had been proved that he was interested as a partner of said plaintiffs in the building of said bridge, as well as that he had acted for them in making some of the settlements and ascertaining some of the balances for which some of the drafts or orders sued on in this case had been given.

5.   The matters of fact set forth in the defendant's notice of set-off, or special matter to be proved on the trial in this case, are sufficient in law to bar a recovery by the plaintiffs against the defendants, and the Court should have permitted the defendants to prove the truth of the same, and the Court

erred in deciding the notice, and the matters contained in it, to be insufficient, and in refusing to admit evidence to establish the truth of the statements of facts contained in it.

We shall dispose of these questions in their order, as they arise in the record.

1. The draft or order already specified is an inland bill of exchange. The circumstance of the defendants below having drawn it upon their own treasurer, as admitted on record, does not change the nature of the instrument, or the rules of law applicable to it. The drawer and drawee may be the same person in a bill of exchange. Chitty on Bills, 28; *Robinson* v. *Bland*, 2 Burrow, 1077; *Ex parte Parr*, 18 Vesey, 69. In the case of inland bills of exchange, the notarial protest is not evidence of a demand of payment on the drawee, nor of notice of non-payment to the drawer. *Union Bank* v. *Hyde*, 6 Wheat. 572; *Young* v. *Bryan*, Ib. 146; *Nicholas* v. *Webb*, 8 Wheat. 326; Bayley on Bills, 516. Where the drawer and drawee are the same person, though a demand on the drawee is necessary, notice of non-payment to the drawer is unnecessary. Chitty on Bills, 355. The Court below, therefore, erred in permitting the order or draft, already mentioned, to be given in evidence without previous proof of a demand on the drawee. Had the plaintiffs below declared on an account stated, instead of declaring on the instrument, this draft, under the circumstances of the case, might have been given in evidence of settlement.

2. The next question, which arises in this case, is in relation to the admissibility of the testimony of Simmons to prove the agency of Norris. Although the plaintiffs below had constituted Norris their agent by virtue of a power of attorney in writing, yet it was competent for the defendants, who were strangers to that instrument, to give parol proof of such agency. A stranger may prove a partnership by the acts and admissions of the partners, although written articles of partnership may exist between them. The same principle is applicable in cases of agency. 2 Phil. Ev. 540, 556, 557; *Curtis* v. *Ingham*, 2 Verm. 287, 288; *Widdfield* v. *Widdfield*,

2 Binn. 245; 4 Phil. Ev. 35, 36.   The Court below, therefore, erred in rejecting the testimony of Simmons for that purpose.

3.   The next question, which arises, is on the admissibility of the declarations of a dormant partner against his co-partners, though no party to the suit.   After the defendants below had proved that Norris was a co-partner with the plaintiffs in the building of the bridge, though a dormant partner, it was competent to give his admissions in relation to the partnership business in evidence against his co-partners. 1 Starkie's Ev. 81; Roscoe's do. 31; Gow on Partnership, 195; *Wood* v. *Braddick*, 1 Taunton, 104; *Shepherd* v. *Ward*, 8 Wend. 542; *Clark* v. *Millar*, 4 Wend. 623.   The Court also erred in excluding this testimony.

4   The matter contained in the notice of set-off being a claim for unliquidated damages, arising *ex contractu*, constituted a good claim of set-off under the statute.   This question has already been decided by this Court.   *Edwards* v. *Todd*, 1 Scam. 462; *Nichols* v. *Ruckels*, 3 do. 298.   The Court below, consequently, erred in refusing to permit evidence to go to the jury under said notice.

The judgment of the Court below is reversed with costs, and the cause remanded for a new trial.

*Judgment reversed.*