## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT MILLEDGEVILLE,

### MAY TERM, 1849.

No 71.—SIDNEY R. CRENSHAW, plaintiff in error, *vs.* MATTHEW F. JACKSON, defendant.

[1.] A debt, to come within the Law of Set-Off, must be a money demand of a liquidated nature, and for which debt, *indebitatus assumpsit*, or some other action, *ex contractu*, will lie; and a right of action for damages, founded on a breach of warranty, cannot be off-setted.

[2.] Upon the transfer of a note payable to bearer, by delivery, the transferer ceases to be a party to it, and is not, generally, responsible thereon to the transferee, or any subsequent holder; but if he undertake to guarantee the payment of the note, he will be liable to the transferee on that special contract, and it is a proper matter of *set-off*.

[3.] A transfers for value, a note payable to bearer, to B by delivery, and at the time says, "C, (the maker,) although a poor man, is perfectly good for his contracts, and if C is not good I am good:" *Held*, that testimony of these sayings is admissible, as going to support a plea of a promise and undertaking to guarantee the payment of the note.

[4.] Upon a motion to arrest the reading of the depositions of a witness, who says that he was the agent of the party plaintiff, upon the ground that his authority as agent was in writing and ought to be produced, and upon the introduction of other evidence to prove that his authority was in writing: *Held*, that whether it be sufficiently proven that the authority was in writing, is a fact for the finding of the Court, and that this Court will not interfere with the finding of the Court below, under such circumstances, except in a clear, strong case.

[5.] *Held*, also, that a motion thus to arrest the reading of depositions, or the examination of a witness, is irregular, and that the better practice in all such cases is, for the reading or examination to proceed, and upon proof that the testimony was illegal, afterwards to move to withdraw it from the Jury.

Assumpsit, &c. in Oglethorpe Superior Court. Tried, October Term, 1848, before Judge SAYRE.

This was an action commenced by Crenshaw against Jackson, for the purchase money for a cotton gin sold him. The defendant pleaded payment, and the following plea of se'-off : " And for further plea, &c. defendant says, that on 8th February, 1842, said plaintiff was indebted to this defendant, and was indebted at the time of the commencement of the action hereof, and is still indebted, in the sum of fifty-five dollars, besides interest ; for that, on the day and year aforesaid, said plaintiff transferred and delivered to this defendant, in a fair course of trade, and for a valuable consideration, by this defendant then paid, two certain promissory notes made by one Samuel Ray, and payable to plaintiff or bearer, bearing date 22d January, 1842, and due and payable on 25th December next after the date last aforesaid—one of said notes being for the sum of $25, and the other for $30; and this defendant avers, that at the time said plaintiff transferred and delivered said notes to this defendant, the said plaintiff, in consideration that this defendant had at that time paid and delivered to said plaintiff a full and valuable consideration for said notes, undertook and promised to pay to this defendant the contents of said notes, with interest, according to their tenor and effect; and the said plaintiff, in consideration of said valuable and full consideration, paid as aforesaid by this defendant to said plaintiff for said notes, at the time of said transfer and delivery as aforesaid to this defendant, said plaintiff warranted said notes to be perfectly good and solvent, and also undertook and promised to pay said notes to this defendant, and then and there verbally guarantied the payment of the same to this defendant."

The plea farther alleged, that Ray was insolvent at the time, and has since absconded and gone to parts unknown, and that his insolvency was known to plaintiff at the time—" By means whereof and by virtue of the premises, the said plaintiff became liable to pay this defendant the contents of said notes, with inter-

est; and the said plaintiff was, at the time of the commencement of the action hereof, and is now, indebted to this defendant the sum of money mentioned in said notes, with interest; and being so indebted and owing, and in consideration thereof, the said plaintiff heretofore, to wit: on the day and year aforesaid, undertook and promised to pay this defendant the contents of said notes; wherefore this defendant pleads the same by way of set off," &c.

On the trial, plaintiff's counsel demurred to the plea of warranty, on the ground that it did not disclose a proper subject-matter of set-off. The Court overruled the demurrer, and plaintiff's counsel excepted.

The defendant offered in evidence, the depositions of Joshua R. Crane, who swore that he was present at the time of the transfer of the notes, and that Crenshaw said that the notes were good, and the maker, though a poor man, was perfectly good for his contracts, and that if Ray (the maker) was not good, he (Crenshaw) was good.

To which depositions plaintiff objected, on the ground that they did not support, and were not competent to support, any of the issues. The Court overruled the objection, and plaintiff excepted.

Defendant offered in evidence, the depositions of Jonathan P. Davis, who swore that he was impowered by Crenshaw to settle the debt of Jackson, and that, as agent, he gave Jackson the receipt attached to the interrogatories.

Plaintiff's counsel objected to the reading of the depositions, on the ground that the agency was created by writing, and in proof, offered the depositions of one Evans, who swore, " that he went to defendant for Mr. Jonathan P. Davis, with an order from plaintiff for a cotton gin." The Court held the proof of the agency's being in writing not sufficient, and admitted the evidence of Davis; to which decision plaintiff excepted.

Upon these exceptions error has been assigned.

L. H. STEPHENS, for plaintiff in error—

1st. A representation is no warranty unless *so intended. Pasley vs. Freeman,* 3 *T. R.* 58.   *Sweet vs. Colgate,* 8 *American Com. Law,* 342.   *Jackson vs. Wetherell,* 8 *American Com. Law,* 350.

2d. A declaration on a warranty cannot be supported by evidence of fraud or deceit. *Snell vs. Moses & Sons*, 1 *Johnson*, 96. *Ex'rs of Evertson vs. Miles*, 6 *John.* 138.

3d. Damages, neither for deceit, nor even on a contract of warranty, are a proper subject-matter of set-off. *Chitty on Contracts*, 841, 843, 845. *Prince's Dig.* 425.

4th. When a note is traded, with a warranty of solvency expressed or implied, a breach of the warranty entitles the transferee to recover, not the *amount of the note*, but the consideration he paid for it. *Story on Promissory Notes*, §117 and note, 118 and note.

T. R. R. COBB, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

To this action a plea of set-off was filed, in which several grounds of claim against the plaintiff are exhibited. Among them, a verbal warranty by plaintiff to the defendant, of the goodness of two promissory notes, transferred by him to the defendant for a valuable consideration. This part of the plea was demurred to, because it did not " disclose a proper ground of set-off." The Court overruled the demurrer, and the plaintiff excepted.

[1.] A right of action for a breach of warranty, we hold, is not within the English Statute of *Set-Off*. The debt claimed must be a money demand, and of a liquidated nature, and for which debt, or *indebitatus assumpsit*, or some action *ex contractu*, will lie. Such has been the construction of the British Statute. *Chitty on Contracts*, 842, 843. *Morly vs. English*, 5 *Scott*, 314. 4 *Bing. N. C.* 58. 6 *Dowl.* 202. *S. C.* 5 *M. & S.* 442. 6 *Rand.* 519. 5 *B. & Ald.* 93. 1 *E :p. R.* 378. *Montague on Set-Off*, 18. *Tidd*, 715. 4 *T. R.* 512. 2 *T. R.* 32. 3 *McLean*, 381. 3 *A. K. Marshall*, 31. 3 *Blackf.* 31. 2 *Wash. C. C.* 132. 6 *Conn.* 613. Although our own Statute is in some particulars more comprehensive than that of England, it does not vary from it in this regard. We think, therefore, the demurrer ought to have been sustained.

The plaintiff also excepted to the ruling of the Court, admitting the evidence of Joshua R. Crane, upon the ground that "it

Crenshaw *vs.* Jackson.

did not support, and was not competent to support, any of the issues made by the pleadings."

To determine this point, it is necessary, first to ascertain what were the issues made. The plea is not full, nor accurately drawn, but, upon the whole, sufficiently so to be recognized. Different grounds of set-off, in the same plea, are like different counts in the same declaration, and the bad parts of it may be excluded and the balance retained. 2 *Wm. Bl. R.* 910.

One of the grounds of *set-off* is, an undertaking and promise of the plaintiff, in consideration of defendant's having paid him value for these notes, to pay their full value to the defendant, if the maker proved unable to pay. This is one of the issues made by the pleadings, and such promise is within the Statute of *Set-Off*.

[2.] These notes were made payable to bearer, and were transferred, by delivery. Now, it is generally true, that where a promissory note is payable to bearer, and it is transferred by mere delivery, without any indorsement, the person making the transfer ceases to be a party, and is not responsible thereon to the transferee, or any subsequent holder. *Story on Prom. Notes,* §117. *Ib. on Bills,* §109 *and note. Chitty on Bills,* 8 *ed. p.* 268, 269.

[3.] But if he undertakes to guaranty the payment of the note, upon such delivery, to the transferee, he may be liable on such special contract to him. · *Story on Prom. Notes,* §117. *Chitty on Bills,* 8 *ed. p.* 269, 270. *Morris vs. Stacy, Holt N. P. R.* 153. It is contended, however, that the testimony offered and admitted, does not support this plea, and ought, on that account, to have been rejected. It is insisted, that it proves no promise or undertaking, but only a false representation, for which alone an action of deceit will lie. What is the testimony? The witness swore that he was present at the time the notes were transferred; that Crenshaw (the plaintiff) said that the notes were good, and the maker, though a poor man, was perfectly good for his contracts, and if Ray (the maker) was not good, he (Crenshaw) was good. The first part of this testimony, I admit, only goes to prove a representation, and does not, by itself, sustain the plea. We think, though, that the whole taken together, does go to support the plea, and was properly sent to the Jury for what it was worth, under the instructions of the Court on the law of the case. The last part of this statement, made by the plaintiff, is to be constru-

Crenshaw *vs.* Jackson.

ed according to the way in which the parties would naturally understand such a declaration. It certainly was meant to convey some meaning, and the defendant must be considered as understanding it to mean something. When one, upon the transfer of a note, represents the maker as perfectly good, and adds, "if he is not good I am good," he is, I think, to be held as intending to be understood by the other party to say, "he (the maker) is perfectly good and will pay the note, but if he is not good, and does not pay it, I am good and I will pay it." There is no other intelligible or sensible meaning to be deduced from the words. They go to prove an undertaking to guaranty the payment of the note. We affirm this decision.

[4.] The remaining exception was taken to the admission of the depositions of Jonathan P. Davis, because he, testifying to certain acts done by him as agent of the plaintiff, under a written authority, the writing was not produced. The Circuit Judge did not deny, but that if the witness acted under a power in writing, the writing ought to be introduced. He placed his admission of the evidence on the ground that it was not sufficiently proven that the authority was in writing. The depositions of Davis being read, the plaintiff's counsel objected, alleging that his authority was in writing, and must be produced; and to show that it was in writing, offered the depositions of one Evans, who testified, that he (Evans) went to the defendant for Jonathan P. Davis, *with an order from the plaintiff,* &c. This statement of Evans, that he went to the defendant *with an order from the plaintiff,* is claimed to have shown that Davis' authority to settle with the defendant for the plaintiff, was in writing. The presiding Judge, in determining a question of fact addressed to him, held that it did not show that fact. To whom this order was given, does not certainly appear—both the witnesses, it seems, were agents of the plaintiff. The order spoken of by Evans, may have been an order to himself. That it was given to Davis, is not, to our minds, *clearly* proven. Whether it was or not, as before stated, was a fact for the finding of the Court. The Court found it against the plaintiff. Under such circumstances, we will not, but in a clear, strong case, disturb the finding, any more than we would the verdict of the Jury on the facts of a case. This is not a clear, strong case.

[5.] Besides, it was irregular, whilst the depositions of a witness are being read, or whilst a witness is on the stand being examined, to move to arrest the reading, or the examination, to show that his testimony ought not to be admitted, by reading other testimony, or by examining another witness. If, during the reading or examination, it comes out that the testimony ought not to be admitted, *then* it is proper at once to move to arrest it; but it is not proper to arrest it with a view to show, by other evidence, that it ought not to be admitted. The better practice, we think, is for the reading or examination to proceed, and if, by other testimony regularly admitted, it is made to appear that it is illegal, to move to withdraw it. It is true that, as argued by counsel, the impression of illegal evidence made upon the mind of the Jury, may not always be wholly effaced by its withdrawal; but the danger of that result is a less evil than the confusion and disorder which the other practice would introduce into trials. We shall not send this cause back, although we sustain the first exception; for if the plea as to the warranty had been stricken, there was still enough in the pleadings and evidence, to authorize the judgment. Let it, therefore, be affirmed.