The Chief Justice
delivered the opinion of the Court:
This was an action by the plaintiff to recover of the defendant money which he alleged the defendant as his attorney had collected upon a claim which he had placed in his hands for suit and judgment, and which he avers in his declaration, had been paid over to the plaintiff. The defendant pleaded to the declaration, first, nil debet; second non *313 assumpsit; third, a set-off of $550, alleged to be due him for professional services rendered to plaintiff; fpurth, a tender of $1,902 as a portion of the sum demanded in the declaration.
Issue was joined upon these pleas, and trial had.
A case is stated and a bill of exceptions taken.
The only question made by counsel for the plaintiff, in argument, is in reference to the rejection of certain prayers which the plaintiff asked the court to give to the jury, and to the charge of the court as given to the jury. It, however, becomes necessary, in order to understand the force of the exceptions and the refusal of the court to grant the prayers asked by the plaintiff, and also to understand the charge of the court, that some statement of the evidence given before the jury should be made.
It appears that the plaintiff himself testified on the trial, in his own behalf, that he placed a claim in the hands of defendant for collection; that no special agreement was made between the parties as to the fee. There was nothing said about it being a contingent fee. A judgment was obtained, and the plaintiff gave no instructions to the defendant to institute an equity proceeding in aid of execution upon the judgment. He did not expect him to institute such proceeding. He admits that after the judgment, and after the money was received by the defendant from the plaintiff’s debtor, he received from the defendant a check for tire sum of $2,224.27, which, he says, contained upon its face a receipt or memorandum in settlement of said judgment, and that he declined to receive the same, and returned it to the defendant with a note to the defendant, stating that the defendant had charged too much for his services. The plaintiff says he expected to pay the defendant what his services were reasonably worth, whether successful or not.
He then offered in evidence the record in the case of Dale vs. Collins, at Law, No. 26,902.
The plaintiff then called the defendant as a witness in his own behalf, who testified that the full amount of the judg *314 ment rendered in the case of Dale vs. Collins, was paid to him on or before the 7th day of April, 1887.
The plaintiff then rested.
Thereupon the defendant was sworn, and testified in his own behalf that he understood from the fact that he had prior to that time, rendered services to the -plaintiff upon a contingent fee, by agreement, and from the further fact that the plaintiff paid him nothing at the time the notes were put into his hands, or during the subsequent litigation, and from general conversation with the plaintiff, that the fee was to be contingent upon the recovery of the money; that the case was a difficult one, involving two quite intricate problems of law; that he desired help in the matter, and with the consent of the plaintiff, employed Cole & Cole to assist him. There were two demurrers in the case, and both of them were argued. Several days were spent in court upon the hearing of the case, which was strongly contested by the defendant, Collins. The defendant testified that it was necessary for the interests of the plaintiff that judgment should be obtained as speedily as possible, because one of the defendants, the maker of the note, was insolvent, and the only property of the other defendant, the indorser, was a piece of real estate upon which there was a deed of trust which was about to be foreclosed. After the judgment was recovered, the land records of the District of Columbia were examined, and a suit in equity was instituted by the defendant for the plaintiff, to charge the equity of the judgment debtor, William R. Collins, in his real estate, with the payment of this judgment. The proceedings in the case in equity were offered in evidence by the defendant.
He says that after he had collected the amount of the judgment, he informed the plaintiff, and intimated to him that the fee for his services would be $500. The plaintiff objected to that amount, and after one or two other interviews between the plaintiff and the defendant, the plaintiff suggested that the proceeds of the judgment be deposited by defendant in bank, and a check for the amount due there *315 from to the plaintiff be forwarded to him. The defendant thereupon deposited the money in the National Bank of Washington in his own name, not as .trustee or attorney. The fund was not kept separate, but was included in his own account, and he checked against it.
The defendant says that he concluded, rather than to have any further difficulty with the plaintiff, to deduct only $250, which he intended to pay to Cole & Cole as their half of the fee, and trust to getting the balance of his fee from the plaintiff at some future time, as he had an unsettled account with him for services rendered in another case. The defendant thereupon drew his check on the National Bank of Washington to the order of the plaintiff for the sum of $2;224.27, being the proceeds of said judgment, less $250, and delivered the same to the plaintiff, accompanied by a letter.
He testifies that $500, in view of the services rendered, was a fair, reasonable and moderate fee. The check for the amount sent to the plaintiff was returned to him by the plaintiff. The note and check are as follows:
Washington, D. C., April 16, 1887.
John R. Dale, Esq.
Dear Sir: Enclosed please find my check for $2,224.27,
in Collins’ case, with a statement of amount collected and fee deducted. As you do not call for it, I have put it in hands of a friend to hand to you. Yours truly,
(Signed) A. C. Richards.
(No. 354.) Washington, D. C., April 14th, 1887.
The National Bank of Washington, of Washington, D. C.
Pay to John R. Dale, or order, two thousand two hundred and twenty-four and dollars.
$2,224.27. (Signed) A. C. Richards.
The defendant further testified that the money was kept by him and no use thereof was made; that it was of no use *316 or advantage to him, but was a disadvantage; that he always had the amount in bank to his credit until after this suit was brought, and after that time it may have been reduced below the amount, but he held himself in readiness to pay the full amount due, and could have done so at any time upon an hour’s notice; that he had, subsequently to the time he deposited the money in the National Bank of Washington, the exact date he could not state, but about the time the suit wias brought, transferred his account from said bank to the Columbia National Bank; that the $50 charged in his bill of set-off against the plaintiff was for services rendered by him for the plaintiff in a suit against Joseph Anderson, Law, No. 25,314, in the Supreme Court of the District of Columbia; that he took the case against Anderson for the plaintiff on a contingent fee, and obtained a judgment and had made preparations to bring a suit in equity to 'enforce payment, but was prevented from doing so by the disagreement between him and the plaintiff in the Collins case; that the services rendered by him in the Anderson case were worth $50.
The defendant to further maintain the issue on his part joined, called C. C. Cole, as a witness on his behalf, who testified that at the request of the defendant in this cause, he assisted him at the trial of the case of Dale against Collins, No. 26,902, at Law; that he had several interviews with Dale in relation to the preparation of the case for trial; that the case presented two interesting questions of law which required considerable preparation. He spent from ten to fifteen days in court, in attendance upon said cause. After the judgment was obtained, it became necessary to file a bill in equity in order to create a lien upon the defendant, Collins’, property, as it was encumbered by a deed of trust; that the fee of $500 charged in said case was just and reasonable if the fee was contingent. If there had been a retainer in the case, and the fee not contingent, $300 or $350 would have been a reasonable fee for obtaining the judgment. He further testified that the sum of $50 was a reasonable fee in the case of Dale vs. Anderson.
*317 And thereupon the defendant rested.
The 'foregoing was all the evidence given to the jury in the case. The plaintiff, thereupon, by his counsel, prayed the court to instruct the jury as follows:
“No. 1. The jury are instructed, as matter of law, that defendant has made no legal tender in this case, and that the plaintiff is entitled to recover of the defendant the amount of money collected and paid to said defendant, in the case of Dale vs. Collins, No. 26,902, at Law, and interest thereon until paid, from the date said money was paid to the defendant, less such reasonable sum as may be due to him for legal services rendered to plaintiff in said cause; and less, also, such reasonable fee as is due and owing to the defendant, for legal services rendered in the case of Dale vs. Anderson, unless they shall find said last named case was taken on a contingent fee, in which event' it is not to be considered in making up the verdict.
“ No. 2. The jury are instructed that if they find the fact to be that the defendant mingled the money collected and paid to him, as the proceeds of the judgment in the case of Dale vs. Collins, with his. own money and deposited it with his* own money in bank, checking against it, and using it as his own, pending ^this litigation, then they are advised that no tender theretofore made by him would be of any avail in discharge of plaintiff’s claim for interest and costs, and the plaintiff would be entitled to a verdict for the proceeds of the said judgment, in the case of Dale vs. Collins, together with six per cent, interest thereon, from the date of such payment to defendant, less such reasonable fee as may be due to him from the plaintiff in said cause, and less, also, such other reasonable sum as may be due 'to defendant for services rendered to the plaintiff in the case of Dale vs. Anderson, unless, they shall find that said last named case was taken on a contingent fee, in which event it is not to be considered in making up" the verdict.
“ No. 3. It appearing from the evidence that the defendant’s plea of set-off is for an unascertained amount, not estab *318 lished by express agreement between the parties, it is not a debt within the meaning of the law of set-off, and cannot be considered by the jury in making up their verdict.”
The court refused to .give any of these instructions, and an exception was taken to each refusal, and made a part of the bill of exceptions. The court, thereupon, of its own motion, instructed the jury, among, other things, “That if they found from the evidence that the sum of $250 was a legal and just fee for the legal services performed by the defendant for the plaintiff in the case of Dale vs. Collins, they were to find for the plaintiff in the sum of $2,474.27, less such reasonable fee as they found to be due from plaintiff to defendant for professional services rendered in said cause, not to exceed the sum of $500, and less, also, such reasonable fee, if any, as they may find to be due from the plaintiff to the defendant for services rendered in the case of John R. Dale vs. Joseph Anderson, No. 25,314, at Law, not exceeding the sum of $50, with interest on such balance from the time of commencing this suit. If, however, they should find the facts to be that the said sum of $250 was in excess of what was a just and reasonable fee in the case of Dale vs. Collins, then in that event they should allow interest on the balance so found to be due from the time the amount of the judgment in the said case of Dale vs. Collins was paid to the defendant.”
The plaintiff excepted to this instruction by the court.
It is well to understand what were the real points at issue between the parties upon the pleadings and evidence. It would seem the claim of the plaintiff was that the defendant would be liable not only for the full amount of the money which he collected, but also for the interest upon it from •the date that it was paid to the defendant and for costs. In view of this it is contended by the counsel for the plaintiff that the plea of tender is not sufficiently established by the evidence, and in that view, the court was requested by the plaintiff to give the two first instructions before stated. It is insisted that the evidence does not sustain the plea of tender *319 because it appears that the money was not deposited or kept ready for the plaintiff to accept at any moment he might see proper to do so, and that it was not brought into court for the use of the plaintiff, when the plea of tender was filed.
It is further claimed that this money having been tendered, under no circumstances could the defendant claim that the judgment or verdict should be less than for the amount tendered by him.
We think counsebfor the plaintiff are mistaken in the view which they suggest of the facts and evidence in relation to the offer of payment of the money. The effect of a tender, ordinarily, if it is a perfect tender, after interest has begun to run, is to prevent interest from running after the date of the tender, and also to prevent the plaintiff, if he shall thereafter commence suit, from recovering costs. But in this case, obviously, interest 'had not commenced to run at the time of tendering the check. An attorney who collects money for his client, and is not guilty of laches or default in regard to paying it over to his client, is not liable for interest. He is only liable for interest in the event he should fail to pay the money when demanded, or in the event that he shall appropriate the money in some way to his own use. If, therefore, the defendant was not in default with regard to the payment of this money, he is not liable to pay interest. The plea of the tender and the proof of the delivery of the check to the plaintiff, is offered by the defendant for the purpose of showing that the defendant has always been willing to pay to the plaintiff the full amount of money which he believed he was entitled to, and that he offered to pay him a certain sum, which, he says, was more than the plaintiff was entitled to, which the plaintiff refused to receive.
If the plaintiff was entitled 'to receive no more than was thus offered by the defendant, and if he had withheld no more than would be a fair compensation for his services in this case, it is very clear that the defendant discharged his whole duty when he sent his check for the money to the plaintiff. It is true, it was not in a form in which a strictly *320 legal tender should be made; but the plaintiff did not object to it on that ground. He sent the check back, stating that he thought the defendant had withheld too much for his fee in the case. We think it was fairly submitted to the jury to find whether the amount retained was a just fee, and if it was, and if the amount included in the check was all that the plaintiff in any event was entitled to receive from the defendant out of this money, then the defendant is certainly not liable for interest from the date that he received the money, and not at all unless something thereafter occurred which would render him liable.
It appears that up to the bringing of suit, the defendant always kept the money intact, at least an amount equal to the amount of money which he was under obligations to pay to the plaintiff, and which he'had collected for the plaintiff. . He was rea^y to pay him at any moment, and this was the condition of things when this action was commenced. The defendant concedes that after suit was commenced he may have reduced his bank account below the amount which he was under obligations to pay to the plaintiff, although he says that he was always, ready to pay it within an hour’s notice.
The justice presiding properly instructed the jury in his charge that jf the jury found that $250 was a reasonable fee to be retained out of the money collected by defendant and that the remainder of the amount of money collected by the defendant was offered by check to the plaintiff, in that event they should return a verdict for the plaintiff for the amount so offered, with interest from the date of the commencement of the suit. If they should find that $250 was an excessive fee, then they should return a verdict for the plaintiff for the whole amount collected, less the amount which they might determine to be a reasonable fee for the defendant, with interest on the balance from the date of the receipt of the money by the defendant; and in the event they should find that $250 was not as much as the defendant was entitled to charge as a fee, they might deduct from the *321 sum of $2,224.27, which the defendant had offered to the plaintiff, such an amount as they thought, added to the $250, would make a reasonable fee for the defendant, not exceeding $500, and that they should also, in any event, deduct a reasonable fee to the defendant for his services in Dale vs. Anderson, not exceeding $50, and return a verdict •for the balance SO' found with interest from the commencement of the suit.
• Evidently the Justice below adopted the principle before Stated, that the defendant was not liable for interest if he was not in default, in not paying the money to the plaintiff, and he so stated the case to the jury as that their finding should be based upon that principle.
We do not discover any error in this charge.
‘The remaining question is whether the defendant could set up his fees by way of set-off. It is claimed that not being for a sum of money certain, and not being technically considered a debt, it was not the proper subject matter of a set-off. Section 810 of the Revised Statutes relating to .the District of Columbia provides that “ Mutual debts between the parties to an action may be set off against each other by plea in bar, whether the said debt be of the same or a different nature.” This is substantially the English statute of set-off. Mr. Chitty, in his work oh Contracts, page 948, says in relation to this section of the statute:
■“The statutes do not apply except in the case of mutual debts; that is, to claims in the nature of a debt, which are either reduced or reducible to a certain amount, and which would be recoverable in an action ex contractu ; and therefore there cannot be a set-off against any claim in respect of which the plaintiff seeks to recover unliquidated damages ; that is, damages which cannot be ascertained by the parties without the intervention, of a jury.” Further along, Mr. Chitty states the rule of law to be substantially as claimed by counsel for the plaintiff in his brief. The plaintiff’s counsel, after claiming that the question as to the amount of these fees in the two cases was such as required a submission to the jury, says:
*322 “The books lay down the law to be that, in actions ex contractu, , the amount claimed by a plea of set-off, when, as in this case, not fixed by agreement between the parties, must be either capable of being ascertained by the court by mere computation, or the parties or the law must have fixed some criterion, by which, when the facts have been proved, the amount of the debt set off can be ascertained without the intervention of the jury.”
It is not that the amount must be agreed upon absolutely, nor is it that it must be capable of ascertainment by a mere computation by the court; but it may be one of those matters where the parties or the law have fixed some rule or criterion by which, when the facts have been proved, the amount is ascertainable without submitting it to the jury. We think that counsel for the plaintiff has stated- the rule correctly in his brief, the authorities cited by him being, in. part, those cited by counsel for the defendant, and they sustain the proposition claimed by plaintiff’s counsel as before recited. But we think plaintiff’s counsel err in the application of the doctrine to this case. These authorities are in accord with the law as laid down by Chitty on Contracts, and the «construction of this statute by tire English courts.
As illustrating the rule, take, for instance, a .merchant’s account for • goods sold and delivered. That is a proper matter of set-off, notwithstanding that the merchant, in order to establish his set-off, must prove that the goods were sold and delivered, and that the price charged was reasonable, and according to the price of those articles prevailing in the market at the time. So an attorney in his account for fees against his client, if no agreement has been made between the parties, if he desires to set off his claim for fees in an action brought against him, must establish that these fees are in accordance with the rule established, and usually followed by the bar, and that his services were reasonably worth what he has charged. This is done in England. It is said in Chitty on Contracts, page 954: “Although an attorney cannot recover his bill for business *323 done, unless he has delivered it, signed, a month before action brought, yet he may set off the amount, provided he deliver the bill before the trial; and that it is immaterial that, at the time of the trial, a month had not elapsed from such delivery.”
So that in all this class of cases, where the law itself has established a rule by which, the amount claimed in actions of this sort has to be ascertained, it is the proper subject matter of set-off. It has been so held in a number of cases in this country: •
Cranshaw vs. Jackson, 6 Ga., 509; Littell vs. Shockley, 4 J. J. Marshall, 245; Ragsdale vs. Buford, 3 Hayw. (Tenn.), 192; Keys vs. Weston, etc., Co., 34 Vt., 81; Bridge Co. vs. Shannon, 6 Ill., 15; Shubert vs. Harteau, 34 Barb., 447; Spears vs. Sterrett, 29 Pa. State, 192; Haines vs. Prather, 10 Rich. S. C. Law, 318; Austin vs. Feland, 8 Mo., 309; Riggs vs. Moore, 14 Ala., 433.
These cases are not all, of course, like the one at bar. The case reported in 14 Alabama, 433, is the very case at bar, and the court sustained the right of an attorney to set off his claim for fees, in a suit for money which he had collected. The other authorities, however, establish the principle as before stated, that there may be a set-off where the matter resits in. account, and where it is necessary to bring evidence of sale and delivery or of service, and of the value of the goods or service, before the party can recover.
It will be noticed that the plaintiff in his first and second prayers requested the court to instruct the jury that if they found that the defendant had agreed with the plaintiff for a contingent fee in the case of Dale vs. Anderson, they should not consider it in making up their verdict. No notice of this is made in the argument and we are at loss to understand why this request is made unless it be that such contracts are unlawful. That they are not has been repeatedly held by the Supreme Court. 110 U. S., 42; same, 305; 96 U. S., 404; 91 U. S., 252.
We discover no error in the record, and the judgment will be affirmed.